IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-246-1-F
No. 5:12-CV-611-F

| | |
|---|---|
| ANTHONY LANGUAN BRAME,      )<br>            Petitioner,   )<br>                            )<br>v.                          )<br>                            )<br>UNITED STATES OF AMERICA,   )<br>            Respondent.   ) | O R D E R |

This matter is before the court for initial consideration of Anthony Languan Brame's ("Brame") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-39 and DE-41], filed September 19, 2012, as well as the Government's Motion to Dismiss [DE-49], and Brame's Motion to Expand the Record [DE-52], Motion to Appoint Counsel [DE-53], and Motion for a Hearing [DE-54]. Although Brame did not file a proper response to the Government's Motion to Dismiss [DE-49], the court will deem his subsequently filed motions as responsive.

Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

**(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

On October 4, 2010, Brame pled guilty without a plea agreement to Count One (conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine) and Count Two (possession with the intent to distribute a quantity of heroin). See [DE-20]. After Brame had been sworn, thoroughly advised of the charges against him and the penalties thereunder, advised of his rights, and questioned about his understanding of his actions and the consequences of pleading guilty, etc., as required by Rule 11, FED. R. CRIM. P., the following exchange occurred:

| | |
|---|---|
| The Court: | I don't know whether I put on the record, but in response to the court's questions, the court finds as a fact the defendant is competent to plead. Now, is there any other information or advice that yo want before the court accepts your plea? |
| Defendant: | (Shakes head). |
| The Court: | Has anyone made any guarantee or promise to you as to what your sentence will be? |
| Defendant: | No. |
| The Court: | Did you as charged in Count One, in or about August 2005, and continuing until the date of the indictment, knowingly and intentionally conspire with other persons to distribute and to possess with intent to distribute a hundred grams or more of heroin; did you do that? |
| Defendant: | Yes. |
| The Court: | And as charged in Count Two, on or about January 20, 2010, did you knowingly possess with intent to distribute a quantity of heroin? |
| Defendant: | Yes. |
| The Court: | I'm sorry? |
| Defendant: | Yes. |
| The Court: | January 29th, 2010. Then you are, in fact, guilty of each of Counts One and Two; aren't you? |
| Defendant: | Yes. |
| The Court: | Since you acknowledge that you are, in fact, guilty as charged in each of Counts One and Two, and since you know your right to a trial and what the maximum possible punishment and mandatory minimum sentences are, and since you are voluntarily pleading guilty, the court will accept your guilty plea and enter a judgment of guilty thereon.<br><br>Let the record reflect that the court is satisfied and finds as a fact that the plea was freely and voluntarily entered by the defendant. At the time it was entered the defendant had a full and complete understanding of the nature of the charges, the consequences of the plea, and the maximum penalties provided by law.<br><br>The plea is supported by an independent basis in fact satisfying each essential element of the offense. The defendant's plea is accepted. He is, therefore, adjudged guilty. |

Transcript of Rule 11 Hearing [DE-32], pp. 22-23.

At his sentencing hearing conducted on February 2, 2011, Brame's attorney articulated and argued the specific objections noted in the Presentence Report and the Government responded. With regard to his objection to use of evidence purportedly obtained in interviews with alleged co-conspirators, Stephon Bullock and Jonathan Jordan, the Government called North Carolina S.B.I. Agent Lynn Gay. Agent Gay testified concerning his interview of Bullock, his opinion of Bullock's veracity, and detailed other information provided by Bullock that had proved accurate. Agent Gay also testified about his interview of Jonathan Jordan and the drug quantities Jordan disclosed to him. See Transcript of Sentencing Hearing [DE-33], pp. 8-12.

Brame's attorney then cross-examined Agent Gay concerning particulars of the interviews, the reliability of the interviewees and possible motivations for their exaggerations or fabrications of information against his client. See id., pp. 8-17. With regard to Brame's objection to the conversion of cash into an equivalent drug weight, counsel suggested that Brame "could have obtained that by working odd jobs and by obtaining some money from his family." Id. p. 17. The court extended the offer for Brame to testify in that regard, observing that, "I recognize the fact that Mr. Brame certainly has no obligation to testify here." Id. Brame did not elect to take the stand.

At Brame's instruction, his attorney confirmed that the calculation of the advisory USSG sentence did not include points for recency, see id. p. 18 (it did not), and counsel registered concern regarding conduct allegedly occurring while Brame was on probation from another conviction, see id. p.18-19.

The transcript also reflects that the undersigned questioned the reduction in Brame's offense level afforded for acceptance of responsibility stating, "I'm not sure that he's really accepted responsibility. . . . I mean, essentially, he denies the crime, but I'll leave it as it is." Id. p. 19. The court determined the correct advisory USSG range to be 87 to 108 months, and heard argument from defense counsel and the Government concerning the proper sentence. Before

3

imposing sentence, the court gave Brame the opportunity to allocute, at which time Brame contends that, although he pled guilty, he did not waive his Fifth and Sixth Amendment rights and that, because he pled guilty to the drug quantity alleged in the Indictment, "they enhanced me four extra levels." Id. p. 23.

Ultimately, the court adopted the findings in the Presentence Report as credible and reliable, and overruled Brame's objections. See id. p. 23. Upon consideration of the 18 U.S.C. § 3553(a) factors, the court imposed a sentence of 96 months on each count to be served concurrently, followed by concurrent terms of supervised release, and a $5,700 fine. The court articulated its rationale for imposing its sentence.

Brame appealed, and the Fourth Circuit Court of Appeals affirmed his sentence following a thorough analysis under Gall v. United States, 552 U.S. 38 (2007). See United States v. Brame, No. 11-4141 (4th Cir. Oct. 3, 2011) (per curiam). Brame timely filed the instant § 2255 motion on September 19, 2012, see [DE-39] (as corrected by [DE-41]).

The court has conducted a careful review of the transcripts, the Presentence Report, the contents of all of Brame's pending motions, as well as the Government's Memorandum [DE-50] in Support of its Motion to Dismiss [DE-49], and the Fourth Circuit's opinion [DE-36]. Having done so, the court concludes that the Government's Memorandum [DE-50] correctly states the underlying facts and properly applies controlling law with regard to the relief Brame seeks. For the reasons stated therein, the court concludes that the record, on its face, reveals that Brame is not entitled to relief pursuant to § 2255 on grounds of ineffective assistance of trial counsel.

Accordingly, the court hereby ADOPTS the Government's Memorandum [DE-50] as stating the court's rationale in ordering that:

The Government's Motion to Dismiss [DE-49] is ALLOWED;

Brame's § 2255 motion [DE-39 and -41] is DISMISSED;

Brame's Motion to Expand the Record and for Discovery [DE-52] is DENIED;

4

Brame's Motion to Appoint Counsel [DE-53] is DENIED;

Brame's Motion for a Hearing [DE-54] is DENIED as moot.

Having so ruled, the undersigned is of the opinion that Brame has failed to make a substantial showing, sufficient under Rule 11, FEDERAL RULES GOVERNING § 2255 PROCEEDINGS, of the denial of a constitutional right, and that no reasonable jurist would find this court's assessment of the Brame's constitutional claims debatable. Accordingly, it further is ORDERED that a Certificate of Appealability is DENIED.

SO ORDERED.

This, the 17th day of January, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge